ALMA M. CARPENTER v. RAS LANDRY ET AL.

Decided March 16, 1907.

**1.—Injunction—Demurrer—Res Adjudicata.**

A judgment rendered upon general demurrer to a petition for injunction is as final and conclusive of the issues involved as if rendered upon a hearing of the facts, and if not appealed from is a bar to another suit between the same parties upon the same cause of action.

Appeal from the District Court of Jefferson County. Tried below before Hon. W. H. Pope.

*C. W. Nugent,* for appellant.—When a general demurrer is sustained and judgment rendered thereon, and plaintiff does not answer, and judgment is rendered thereon dismissing the suit, the judgment is not res adjudicata. Hardy v. Broaders, 35 Texas, 676; Burney v. Cook, 13 Texas, 588; Laredo v. Martin, 52 Texas, 548; Ellis v. Harrison, 56 S. W. Rep., 593; Grigsby v. Bowles, 15 S. W. Rep., 31; Scherff v. Missouri P. Ry. Co., 17 S. W. Rep., 39; Kopf v. Huckins, 11 Texas Civ. App., 88; Phillipowski v. Spencer, 63 Texas, 604.

*O'Brien, John & O'Brien, A. T. Watts* and *D. F. Singleton,* for appellees.

PLEASANTS, ASSOCIATE JUSTICE.—This suit was brought by appellant to enjoin the sale under execution of a tract of 402 2-10 acres of land owned by her and situate in Jefferson County. The defendants in the suit were Ras Landry, sheriff of Jefferson County, and the First National Bank of Sour Lake and George Armstrong, its president, said bank being the plaintiff in the judgment upon which the execution issued under which the sale was advertised to be made.

The ground upon which the injunction was asked was that the land was the separate property of Mrs. Carpenter, and that the judgment upon which the execution issued was only against her husband, F. H. Carpenter, and was obtained upon a community indebtedness for which her separate estate was not liable. In addition to the question of separate property of the wife, appellant further pleaded that a sale of her said property would cast a cloud upon her title, and would otherwise result in irreparable damage to her in her property rights.

Defendants (appellees) answered by general and special exceptions and general denial, and also specifically pleaded *res adjudicata,* claiming that a former order or decree of the District Court of Hardin County, Texas, dissolving a temporary or interlocutory injunction, and dismissing an injunction proceeding touching the same debt and levy on the same farm was final and conclusive of the issues herein, and asked that this suit be abated upon their plea of *res adjudicata.*

The trial in the court below was without a jury and resulted in a judgment in favor of defendants.

This suit was filed on the 24th of November, 1905. The record shows that in a suit between the same parties in the District Court of Hardin County upon the identical cause of action asserted in this suit the following judgment was rendered upon the 19th of October, 1905: "On this day this cause came on to be heard and both parties announced ready for trial, and after hearing the defendants' demurrers and the plaintiff's petition and the argument of the same the court is of the opinion that the law is for the defendant.

"It is therefore considered by the court that defendants' demurrers both special and general, be and the same are hereby sustained and the injunction heretofore granted herein is hereby dissolved and plaintiff's suit dismissed. It is further ordered that the defendants, First National Bank of Sour Lake, Geo. W. Armstrong and Ras Landry, go hence without day and recover of and from Mrs. Alma M. Carpenter and F. H. Carpenter all costs in this behalf expended for which let execution issue. To all of which plaintiff in open court excepts." This judgment was not set aside nor appealed from and is still a valid and subsisting judgment.

It is settled law in this State that a judgment sustaining a general demurrer is as final and conclusive as if rendered upon a hearing of the facts, and if such judgment is not appealed from the plaintiff is thereby precluded from recovery in another suit between the same parties upon the cause of action to which such demurrer has been sustained. (Dixon v. Zadek, 59 Texas, 529; Bomar v. Parker, 68 Texas, 435; Schcrff v. Missouri Pac. Ry. Co., 81 Texas, 472.)

The judgment rendered by the District Court of Hardin County should not have dismissed plaintiff's suit without giving her an opportunity to amend her petition, but this error would not affect the finality or conclusiveness of the judgment and could only be taken advantage of on appeal from said judgment.

The plea of *res adjudicata* having been sustained by the undisputed evidence the trial court could have rendered no other judgment than one in favor of defendants, and therefore it is unnecessary to pass upon the other questions presented by appellant's brief.

The judgment of the court below must be affirmed and it has been so ordered.

*Affirmed.*