LUCIE A. FANT, EXECUTRIX, v. D. SULLIVAN & CO. ET AL.

Decided January 5, 1910.

**Accounting—Judgment—Conclusive Evidence.**

Where a suit involved the question whether or not the defendants held the title to a certain tract of land in fee simple or in trust for the plaintiffs, and also many items of account between the plaintiffs and defendants, and the judgment was in favor of the plaintiff as to the title to the land and for a sum of money found to be due by defendants to plaintiffs upon a statement of accounts, such judgment must be accepted as evidence of the strongest character of a full and complete settlement of all matters of indebtedness between the parties anterior thereto and of the title to the land, and this, though the interest of other parties are involved in a subsequent suit.

Appeal from the 37th District Court, Bexar County, Texas. Tried below before Hon. Edward Dwyer.

*R. L. Ball*, for appellant.—The undisputed evidence conclusively shows that the indebtedness of D. R. Fant, deceased, to Sullivan & Co., alleged herein by Sullivan & Co. to be "now due and owing," has been fully paid off and discharged, and was so adjudicated in cause No. 19375, in the Fifty-Seventh Judicial District Court, wherein D. R. Fant and Lucie A. Fant were plaintiffs, and D. Sullivan & Co. were defendants. Sullivan v. Fant, 51 Texas Civ. App., 6; Hanrick v. Gurley, 93 Texas, 458, 480.

The undisputed evidence conclusively shows that Sullivan & Co. acquired the apparent legal title to the reversion in the lands covered by the Chittim and Parr lease, together with other property of the Fants, on April 5, 1904, but as trustees for the Fants, with authority to sell a sufficient amount thereof to satisfy the Fant debts to them, and under an obligation to return the balance to the Fants; and that the Fant debts to Sullivan & Co. having been fully paid and discharged from sales of a portion of this and other Fant property, included in the trust, the balance, including most of the said leased lands, was awarded to Mrs. Fant against Sullivan & Co. by the final judgment of the Fifty-Seventh District Court, and possession thereof was surrendered to her by Sullivan & Co. in accordance with said judgment; and therefore Sullivan & Co. never had any right to the rent due from Chittim and Parr as owners of the reversion. Gross v. Chittim, 100 S. W., 1010; Sullivan v. Fant, 51 Texas Civ. App., 6; Freeman v. McAninch, 87 Texas, 132, 136-8; Hanrick v. Gurley, 93 Texas, 458, 480; Rackley v. Fowlkes, 89 Texas, 613, 616; New Orleans v. Citizens Bank, 167 U. S., 371, 396.

*Webb & Goeth*, for appellees.

FLY, ASSOCIATE JUSTICE.—F. Groos & Co., bankers, sued Lucie A. Fant individually and as independent executrix of the estate of D. R. Fant, her deceased husband, J. M. Chittim and Archie Parr, individually and as a firm, Floyd McGown as receiver of the estate of J. M. Chittim, and D. Sullivan and W. C. Sullivan as individuals and as the banking firm of D. Sullivan & Co., alleging that about May 18,

1899, Chittim & Parr entered into a lease contract with D. R. Fant, deceased, whereby certain land was leased to them in Hidalgo County, known as the Big Santa Rosa Pasture, containing about 89,360 acres, for a period of five years beginning on May 1, 1899, and ending on April 30, 1904, at an annual rental of 17½ cents an acre, the sum of $250 annually to be reserved out of the rent money for sinking wells and erecting windmills; that on or about November 30, 1901, D. R. Fant assigned the lease contract to F. Groos & Co., to secure said firm in amounts due or to become due them by the said Fant; that on May 1, 1903, D. R. Fant executed his promissory note for $12,000 to F. Groos & Co. due one year after date, and on October 23, 1903, said Fant and H. Brendel executed their promissory note to said firm for $4,132.64, which notes were not paid, and F. Groos & Co. claimed a first lien on the rent money, which was alleged to be $15,388. It was further alleged that after the institution of this suit Floyd McGown had been appointed receiver of the estate of J. M. Chittim and had, acting under judicial orders, sold certain live stock to which the lien for the rent money had attached and had been directed to retain in his possession $15,000 until it could be shown to whom the same belonged. That on or about May 1, 1904, D. Sullivan & Co. and D. Sullivan and W. C. Sullivan had entered into the possession of the Big Santa Rosa Pasture as privies in the estate of D. R. Fant, but with notice of the prior and superior lien of F. Groos & Co., and that they were liable and bound to carry out and execute the contract of D. R. Fant, and that the plaintiffs were entitled to a foreclosure of their lien on the property for the satisfaction of the debt due them by D. R. Fant. It was further alleged that Chittim & Parr and D. R. Fant were insolvent at the time the notes and rents became due.

Sullivan & Co. denied any liability to Groos & Co., and sought to recover of Chittim and Parr the amount of the rent money and from the receiver the money held by him, and also asked for judgment for the amount of the rent from Lucie A. Fant, individually and as executrix, in case the claim of the plaintiffs should be held superior to theirs. It was alleged by Sullivan & Co. that when the lease contract was entered into between Fant and Chittim & Parr, on May 18, 1899, Fant owed Sullivan & Co. large sums of money, and that when the assignment of the lease took place on November 30, 1901, he was still indebted to them, all of such indebtedness being secured by deeds of trust; that on February 9, 1903, all of said debts were put in one note of $260,000, which was to become due on February 9, 1904, and was secured by a deed of trust dated February 24, 1903, which included the property which was the subject of the lease contract; that the amount of the note was not paid and there was a foreclosure on the deed of trust, and the land in question, with other lands, was sold to D. Sullivan & Co. for $100,000, which was credited on the debt of D. R. Fant, and that the sale was afterwards confirmed by Fant and wife to Sullivan & Co. and "they thereby acquired the title to the Big Santa Rosa ranch and the reversion thereof under the lease contract and the rents thereafter due from Chittim & Parr, aggregating, as above stated, $14,945.77; or in the alternative they have the right to foreclose their liens upon said rents and have them

applied to the discharge of the debts so secured and now due from D. R. Fant. Sullivan & Co. also alleged a former suit· between them and Lucie A. Fant, in which the latter had sought for an accounting, that in that suit Lucie A. Fant recovered of them certain "monies and ·properties set out in said decree," and that no claim was set up in that suit by Mrs. Fant to the rents involved in this suit "and their right to establish such a claim and title, if any they had, is *res adjudicata* and barred by said judgment."

J. M. Chittim and Floyd McGown, his receiver, admitted that the sum of $14,995.77 was due from Chittim on the lease contract on April 30, 1904, and that the receiver had in his hands, subject to the order of the court that appointed him receiver, more than enough to pay off the claim of plaintiffs, and they asked that the right to the money be determined by the court. Parr answered that Chittim had assumed the debt and asked that it be paid out of money in the hands of the receiver, and for judgment over against Chittim for the amount of any judgment rendered against him.

Lucie A. Fant admitted the right of the plaintiffs to recover the amount of the lease money due on April 30, 1904, and in answer to the claims of Sullivan alleged that all indebtedness due by D. R. Fant to Sullivan & Co. had been fully paid, and that the latter had never held title in their own right to the lands leased to Chittim & Parr; that the purchase of the lands at the foreclosure sale and the confirmatory deed thereof of Fant and wife were made for the purpose of placing the lands of D. R. Fant and Lucie A. Fant in the hands of Sullivan & Co. to be held in trust for them to satisfy their indebtedness, attorneys' fees and expenses in executing the trust, and that what remained was to be the property of Lucie A. Fant; that an accounting was held between Sullivan & Co. and the Fants in cause No. 19,375, in the Fifty-Seventh District Court, wherein the Fants were plaintiffs and Sullivan & Co. defendants, and that a decree was rendered therein on May 31, 1907, in which it was adjudged that the entire indebtedness of Fant to Sullivan & Co. had been fully paid off and discharged, and awarding to Mrs. Fant a judgment against Sullivan & Co. for $65,841.01, and that she recover of Sullivan & Co. a large amount of land which included practically all the lands leased to Chittim & Parr, a small portion thereof having been sold to pay debts to Sullivan & Co., and the Big Santa Rosa Ranch was at the. time this suit was filed held and owned by Lucie A. Fant, and that judgment was pleaded as *res adjudicata* of all matters between Sullivan & Co. and the Fants.

The çause was tried by a jury and the court instructed a verdict in favor of Groos & Co. against Lucie A. Fant, executrix, for the sum of $16,131.60 with interest and attorneys' fees, and against Chittim & Parr as a firm and individually for $14,945.77 and interest, and against the receiver for $14,960.75, to be applied as a credit on the Fant indebtedness to plaintiffs. The court also instructed the jury that if Sullivan & Co. had notice · of the assignment of the lease to Groos & Co., their verdict should be for the latter, and that if they did find for Groos & Co., they should find in favor of D. Sullivan & Co. against Lucie A. Fant, independent executrix of the estate of

D. R. Fant, deceased, for the sum of $14,945.77 with six per cent. interest from April 30, 1904, to November 28, 1904. The jury found in favor of Groos & Co. as against Mrs. Fant, Chittim & Parr and Floyd McGown, receiver, and in favor of Sullivan & Co. against Lucie A. Fant, as independent executrix, the sum of $15,463.80, and judgment was accordingly so rendered. The suit as between the plaintiffs and Sullivan & Co. was not in terms disposed of in the verdict or judgment, but was in effect disposed of. No dissatisfaction with the judgment is expressed by Chittim & Parr, and the receiver, and this appeal is perfected by Sullivan & Co. and Lucie A. Fant, independent executrix of the estate of D. R. Fant.

The facts show that Sullivan & Co. had full notice of the assignment of the lease contract by Fant to Groos & Co., and we find that the uncontroverted evidence shows that there had been a full settlement of all matters of indebtedness between the estate of D. R. Fant and Sullivan & Co. and the members composing that firm, and the settlement duly set forth and embodied in a judgment in the District Court of the 57th Judicial District, which was affirmed by this court and approved by the Supreme Court of Texas, in which judgment Sullivan & Co. were adjudged to pay Mrs. Fant $65,841.01, and surrender to her valuable land, a part of which is the land concerning the lease of which this controversy arose. We find that the estate of D. R. Fant is not indebted to Sullivan & Co. in any sum.

In the former case of D. R. Fant and Lucie A. Fant v. D. Sullivan & Co., it was alleged by the plaintiffs that a note of date February 9, 1903, due February 9, 1904, for $260,000 and other debts were due to the defendants, and plaintiffs expressed a willingness to pay the same, and alleged that defendants had sold enough of the property of plaintiffs, held in trust by them, to discharge all the debts of D. R. Fant to Sullivan & Co. The defendants in that case made a full accounting of all the indebtedness of D. R. Fant, and no claim for the lease money herein involved was placed therein. The judgment in that case determined that the Sullivans did not own the land of the plaintiffs but held it merely as trustees, and found from the statements ,and accounting made by defendants that they were indebted to Lucie A. Fant in the sum of $65,841.01. That amount of money was paid by Sullivan & Co. to Mrs. Fant.

That judgment, whether it was *res adjudicata* in a strict sense or not of the claims of Sullivan & Co. in this case, is evidence of the strongest character of a full and complete settlement of all matters between the parties, and we can not conceive of D. R. Fant being indebted to Sullivan & Co. in the sum of about $15,000 and yet that large sum being ignored in an accounting made by them, and no effort being made to offset it against the large judgment for money recovered by Mrs. Fant. But one conclusion can be reached from the testimony and that is that every debt of every character held by Sullivan & Co. against D. R. Fant was brought forward and formed a part of the judicial settlement between the parties in the suit to which reference has been made. The presumption would prevail, even if there were not positive testimony to the fact, that all accounts were included in the settlement between the parties, and this rule should be applied

with greater vigor where the accounts have been presented by a party endeavoring to go back of the settlement. Barkley v. Tarrant Co., 53 Texas, 251.

It was determined in the suit between the Fants and Sullivan & Co. that the "Big Santa Rosa Ranch," the land that was leased to Chittim & Parr and whose lease contract was assigned to Groos & Co., was not the property of Sullivan & Co. but was held in trust by them for Lucie A. Fant, and the title to the same was divested out of them and invested in Mrs. Fant. There is no conceivable reasonable ground upon which they could, under the state of facts contained in the record, lay claim to $15,000 of Fant's money. The question of the trusteeship of D. Sullivan & Co. was fully investigated in the former suit, and the courts should not be called upon to reinvestigate that question in matters involving the rights of the same parties. The vital issue in that former suit was whether or not Sullivan & Co. held title to the very land, the lease money from which is involved in this suit, as their own or in trust for Mrs. Fant, and it was fully and finally settled by the judgment of the District Court and the decision of this court that they held the land as trustees, and that should settle the matter between the parties. It does not matter that the interests of other parties are involved in this suit that were not in the former suit; as between the Fants and Sullivan & Co. the issues determined in a former suit between them are conclusive against them wherever they confront them. Russell v. Farquhar, 55 Texas, 355.

In the former suit the right of the Fants to recover the land to which Sullivan & Co. had deeds depended on the question of whether the deeds vested the title in the latter as their own, or to be held in trust for Mrs. Fant, and it was determined by the judgment that the land was held in trust. The whole case revolved around that point. In this case the right of Sullivan & Co. must depend, if it have any basis whatever, upon the issue as to whether they had title to the same land for themselves or as trustees for Mrs. Fant, and they must be held to be estopped to set up that they held title to the land for themselves by the former judgment, in any suit between the parties no matter who else may be involved in the suit. The former judgment is conclusive as evidence between the parties at all times. Bigelow, Estoppel, pp. 90-98; New Orleans v. Citizens Bank, 167 U. S., 371.

At the time that this rent money became due, Sullivan & Co. had the authority, if the assignment to Groos & Co. was invalid, to collect the money as trustees for Mrs. Fant and to apply it to the purposes of the trust, but they made no effort to collect it, and, after the trust relation was dissolved and set aside by the judgment of a court, they had no further connection with the lease money, and have established no more right to it than any person who never at any time had anything to do with the matter. Consequently they have no right to raise questions as to the validity of the assignment of the lease to Groos & Co. If the Fant estate is satisfied, no one else can complain.

The judgment of the lower court will be affirmed in every respect except in so far as it awards a recovery to D. Sullivan & Co. as against Lucie A. Fant, executrix, which part of the judgment is re-

versed and judgment here rendered that D. Sullivan & Co. take nothing as against said executrix, and that she recover of D. Sullivan & Co. all costs in this behalf expended.

*Affirmed in part and reversed and rendered in part.*