**CUNNINGHAM et al. v. CUNNINGHAM et al. (No. 7951.)**

(Court of Civil Appeals of Texas. Galveston. Dec. 15, 1920. Rehearing Denied Jan. 13, 1921.)

1. **Judgment ⬅️713(2)—Decision res adjudicata as to all matters that could have been pleaded.**

A prior judgment disposing of the same land as between the same parties was res adjudicata of all matters affecting the title to the land that could have been appropriately pleaded therein by those properly before the court.

2. **Descent and distribution ⬅️71(2)—Children of common-law marriage held not estopped by delay to claim inheritance.**

Children of a common-law marriage could not be deprived of their interest in their father's estate after his death merely because they failed for many years before his death to proclaim to his second wife that they were the children of his first marriage—that is, the one at common law—and that as such they intended to assert their interest in his estate whenever he should die, since they could have no inherited interest until after his death.

3. **Appearance ⬅️20—Service of citation immaterial where party answers and presses interest.**

Where a person sui juris appeared, answered, and pressed his interest in a suit concerning title to land, it was wholly immaterial whether or not citation to so appear had ever been served upon him.

Appeal from District Court, Lavaca County; M. Kennon, Judge.

Suit by A. B. Cunningham and others against Antney Cunningham and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

J. D. Childs, of San Antonio, and C. L. Stavinoha, of Hallettsville, for appellants.

Charles Fertsch and W. T. Bagby, both of Hallettsville, and Fly & Ragsdale, of Victoria, for appellees.

GRAVES, J. This is the second appeal to this court in the litigation among the same parties over the title and possession of the same land. The disposition of the first one is reported in 210 S. W. 242.

This time the positions of the parties were reversed, the plaintiffs in the former suit being the defendants in this one, and a count also being added asking the setting aside of the former judgment mainly upon the ground that A. B. or Gus Cunningham, an alleged minor at the time, had neither been served with citation nor had appeared or answered in the cause.

So far as the objectives of the two proceedings are concerned, however, there are no other material differences. Before, the children and grandchildren of Ann Cunningham, as against Quincy Cunningham and her children, were awarded their interest in the estate of their father and grandfather, John Cunningham, deceased, on the basis of being his heirs as the result of a common-law marriage between himself and Ann; now, Quincy and her children—of whom A. B. or Gus Cunningham was one—seek to avoid the effect of that recovery by claiming that such plaintiffs in the preceding judgment had been both barred by the several statutes of limitation, and also estopped by reason of certain facts they attempted to set up from recovering the land, and, as just stated to have been assigned as their principal reason for asking that the judgment be set aside in its entirety, that Gus Cunningham was then a minor and neither properly before the court nor bound by the proceedings had in the cause.

Without attempting to recite the various means by which it was sought to raise these matters, or the action taken upon them, it is sufficient to say that the trial court in the present suit held them either to have been foreclosed by the former one or not to have been properly raised, except the issue as to whether Gus Cunningham had been bound thereby, and this was submitted to a jury in the form of two questions: First, was Gus 21 years old at the time attorneys had filed an answer for him in the first suit? and, second, had he authorized such counsel to file it for him? It appeared through the pleadings of the parties and otherwise that not only had an answer been originally filed by one set of attorneys for him in the disposed of suit, but that through other counsel he had prosecuted his appeal therein to this court and to the Supreme Court. The jury answered both questions adversely to him, finding that he was 21 at the time the answer was filed and that he authorized it. Judgment was thereupon entered for defendants, and plaintiffs appeal.

[1, 2] Upon a careful consideration of the whole case, while experiencing difficulty in trying to follow seriatim the different assignments as presented here by appellants by reason of the manner of their treatment, and not attempting to do so, we are unable to say the court below did not take the proper view of the controversy. So long as the prior judgment stood disposing of the same property as between the same parties, it was certainly res adjudicata of all matters affecting the title to the land that could have been appropriately pleaded therein by those properly before the court. These include the pleas of limitation and estoppel hereinbefore referred to. But, even if this were not true, and it were held that both of such pleas were seasonably and appropriately entered in the trial court, for a further reason neither could

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

prevail, and that is: The children of the common-law marriage between John and Ann Cunningham could not be deprived of their interest in their father's estate after his death, which had occurred so recently as not to complete a bar under any of the limitation statutes, merely because they may have failed for many years before his death to proclaim to his second wife that they were the children of his first marriage—that is, the one at common law—and that as such they intended to assert their interests in his estate whenever he should die. The substance and effect of the two pleas was to maintain that it was incumbent upon them so to do, but, since they could have no inherited interest in his estate until after his death, it does not occur just how either such estoppel or limitation could operate before that event.

[3] Now, Gus Cunningham is the only one who complains that he did not legally appear in the preceding suit. As before stated, however, this direct issue was submitted to and determined against him by a jury. In addition there was also the previously recited and conceded fact that he did appear by new counsel of his own choosing and prosecute in his own behalf an appeal from the former judgment to two appellate courts. Having thus been found, as a person sui juris, to have appeared, answered, and pressed his interest in the suit through counsel, it became wholly immaterial as to whether or not citation to so appear had ever been served upon him.

What has been said disposes of the merits of the appeal. No reversible error having been pointed out, an order affirming the judgment has been entered.

Affirmed.