## FARRELL v. YOUNG, District Judge, et al.
### (No. 9837.)

Court of Civil Appeals of Texas. Dallas.
Nov. 25, 1929.

Rehearing Denied Dec. 14, 1929.

Wm. M. Cramer and Robert M. Perry, both of Dallas, and F. C. Dillard, of Sherman, for relator.

Ross M. Scott, Leake, Henry, Wozencraft & Frank and Harold H. Young, all of Dallas, for respondents.

JONES, C. J. Relator, Hunter T. Farrell, has been granted leave to file in this court an application for a writ of prohibition against respondents, the honorable Towne Young, judge of the Forty-Fourth judicial district, W. V. Galbreath, L. B. Comer, and their attorneys of record, to prohibit the honorable Towne Young from the trial of cause No. 82107–B, styled L. B. Comer et al. v. Hunter T. Farrell et al., on the docket of said district court, and the other respondents and their attorneys of record from the further prosecution of such cause, or the filing of any similar cause of action. The following constitute the facts on which the application is based:

The term respondents, as used herein, will refer to Comer and Galbreath. If necessary to refer to the other respondents, it will be by name. On April 25, 1918, respondents filed suit, in the form of trespass to try title, in the district court of Collin county, Tex., against relator, to recover for each an undivided one-third interest in a tract of land situated in Dallas county. The venue of this suit was changed to the district court of the Sixty-Eighth judicial district in Dallas county. A first amended original petition was filed by respondents on October 4, 1922, and on the same day they filed a trial amendment. A general demurrer and several special exceptions, each having the effect of a general demurrer, were sustained by the trial court. Respondents declined to further amend their pleading and the suit was dismissed by the trial court, the judgment entered was that of a dismissal of the suit, and a decree that the relator go hence without day and recover his costs. An appeal was duly perfected to this court, with the result that a judgment of affirmance was entered in this court. 249 S. W. 277. No application for a writ of error was made to the Supreme Court, and the judgment became final in this court.

While this suit was in the form of trespass to try title, the petition contained allegations, to the effect, that the interest in the land asserted by respondents was an' equitable 'interest, and the title they asserted to the land was an equitable title. While the suit was pending on appeal in this court, relator filed another suit in the district court of Collin county, in which the same relief was sought, as well as other and additional relief. The Collin county suit was tried, after the judgment in this court had become final, and. a judgment entered by the trial court in favor of relator on his plea of res judicata, the judgment of this court being the basis of such plea. Respondents duly appealed from this judgment to this court, but the cause was transferred by the Supreme Court to the Texarkana Court of Civil Appeals, and there affirmed. 275 S. W. 238. An application for writ of error was denied by the Supreme Court, and the judgment became final in the Texarkana Court of Civil Appeals.

The original petition in the suit, in the Forty-Fourth judicial district of Dallas county, was filed by respondents September 9, 1929, and a first amended original petition filed October 24, 1929. On October 31, 1929, relator filed a petition in said suit, praying for an injunction and a receiver, on which a temporary writ of injunction was granted ex parte, restraining relator from in any wise disposing of a vendor's lien note in the principal sum of $273,000, executed in his favor by J. W. Vilbig, as a part of the purchase price of one-half of the tract of land in suit, and restraining Vilbig from making any payment on said note until such injunction should be dissolved by order of such court. The application for a receiver is that such receiver take into his possession certain properties and money deposited in certain named banks, to the credit of relator. A day is named for the hearing of the receivership, when it will also be determined whether such injunction should remain in force until the final trial of the cause. The restraining order was duly issued, and is now in force against relator and Vilbig. The date for hearing on the receivership application was fixed for November 9, 1929.

In the petition for the writ of prohibition, relator, by appropriate allegations, asserts that the suit filed in the Forty-Fourth judicial district court is an invasion of the jurisdiction of this court, in that such suit prevents relator from the exercise of rights secured to him under a judgment of this court. It is especially contended that the injunction granted and the contemplated receivership proceedings is an unlawful invasion of such jurisdiction. These allegations are based upon prior allegations that the first suit, tried in the Sixty-Eighth judicial district, and affirmed by this court, the second suit tried in the district court of Collin coun-

ty, and affirmed by the Texarkana Court of Civil Appeals, and the pending suit filed in the Forty-Fourth district court, as shown by the respective petitions in each suit, declare upon the same cause of action, based on the same alleged oral contract, and each involving the same issues for judicial determination. The allegations are full and complete, and on their face show cause for the issuance of the writ of prohibition prayed for. Certified copies of the petition in each suit are attached to the application.

On the other hand, respondents contend that, under the allegations of their petition, the suit now pending is essentially and materially different from the previous suits, in that such petition contains allegations of fact as to their rights in the premises that were not alleged in either of the petitions of the preceding suits, and could not have been alleged therein, because the rights so alleged did not exist at the time either of filing said petitions or at the time of the trial of said suits; for which reason neither of the judgments of the former suits can be successfully pleaded as res judicata of their present suit; therefore they have not unlawfully invaded the jurisdiction of this court in the filing of the pending suit, or in any proceedings they have taken under same. The cause of action alleged in the suit on which this court entered judgment and the cause of action alleged in the pending suit will be stated later in this discussion. The allegations contained in the petition in the Collin county suit will not be given, for the reason that, in our opinion, such allegations are immaterial to any issue to be determined by this court in the present action.

The jurisdiction of the Courts of Civil Appeals of Texas is defined by the constitutional provision authorizing the creation of such courts, and the subsequent enabling acts of the Legislature, giving force to such constitutional provision. Article 5 of our state Constitution creates the judicial department of this state. Section 6 of article 5 authorizes the creation of the Courts of Civil Appeals, and defines the jurisdiction to be given such courts. An examination of this article discloses that this jurisdiction is primarily that of an appellate court, though there is a provision which authorizes the Legislature to give to such courts original jurisdiction. Such section of article 5 of the Constitution defines the appellate jurisdiction of such courts as follows:

"Said courts of civil appeals shall have appellate jurisdiction coextensive with the limits of their respective districts, which shall extend to all civil cases of which the district courts or county courts have original or appellate jurisdiction, under such restrictions and regulations as may be prescribed by law."

Another clause of said section authorizes original jurisdiction as follows: "Said courts

shall have such other jurisdiction, original and appellate, as may be prescribed by law." The appellate jurisdiction of such courts is given by articles 1819 to 1822, inclusive, Revised Civil Statutes 1925. The original jurisdiction given to these courts is that defined in articles 1823 and 1824, Revised Civil Statutes 1925. The first of these articles declares that: "Said courts and the judges thereof may issue writs of mandamus and all other writs necessary to enforce the jurisdiction of said courts." The other article merely authorizes such courts to issue a writ of mandamus to compel a judge of a district court to proceed to trial and judgment in a cause.

The constitutional provision authorizing the Legislature to grant to a Court of Civil Appeals original jurisdiction and the provisions of article 1823, supra, enacted by the Legislature in pursuance of said constitutional provision, gives to such court power to issue a writ of prohibition for the limited purpose only to protect its jurisdiction over pending cases, and to protect the due enforcement of its judgments and decrees. Cattlemen's Trust Co. v. Willis (Tex. Civ. App.) 179 S. W. 1115; City of Palestine v. City of Houston (Tex. Civ. App.) 262 S. W. 215; Reed v. Bryant (Tex. Civ. App.) 291 S. W. 605; Bell et al. v. Towne Young, District Judge (Tex. Civ. App.) 20 S.W.(2d) 135; Milam County Oil Mill Co. v. Bass, 106 Tex. 260, 163 S. W. 577, 578; Hovey v. Shepherd, 105 Tex. 237, 147 S. W. 224. It is not, therefore, within the power of this court to determine whether the pending proceedings in the Forty-Fourth judicial district unlawfully obstructs the due enforcement of the judgment in the Collin county suit, for that judgment became final in the Court of Civil Appeals at Texarkana, and such determination rests exclusively in that court.

Unless the proceedings now pending in the Forty-Fourth judicial district are such an invasion of the jurisdiction of this court as unlawfully to obstruct the due enforcement of the judgment rendered by this court in favor of relator and against respondents, no writ of prohibition against the pending proceedings in the Forty-Fourth judicial district can issue.

The mere filing of the suit by respondents in the district court of Forty-Fourth judicial district, and service of citation on relator, even if such suit be subject to the plea of res judicata, based on the judgment of this court, would not constitute such an obstruction of the jurisdiction of this court, over the said judgment, as would render the judge of the district court subject to a writ of prohibition. Relator would be left undisturbed, except by the annoyance of the suit, in the full enjoyment of the rights secured by the judgment of this court. Milam County Oil Mill Co. v. Bass, supra. In the cited case the Supreme Court declares the rule of law, above announced, in the following language:

"The power of a court to enforce its jurisdiction does not include an authority to prevent the prosecution of any suit to which a judgment of the court may be an effectual bar, but which, beyond presenting an issue as to the conclusiveness of the judgment upon the asserted cause of action, makes no attempt to disturb it, or to interfere with its execution or the exercise of rights established by it, as such a suit does not conflict with the exercise of that power which constitutes jurisdiction in the court, the power to hear and determine the cause and enforce the judgment rendered, and therefore does not violate its jurisdiction. The assumption of such right would invest a court not merely with the control of its own judgments and authority to enforce its jurisdiction, but with a further power to govern other courts in the exercise of their lawful jurisdiction; and the result would be that the issue of the conclusiveness of a judgment upon what is urged as a distinct cause of action could never be determined except by the court that rendered it. The proper test of the question therefore is, not whether the suit recognizes or repudiates the effect of the judgment, since that does not necessarily involve the jurisdiction of the court, but whether it amounts to an interference with its due enforcement and therefore invades a jurisdiction it is forbidden to trench upon."

However, when respondents, in aid of said pending suit, presented to the court a petition for injunction and for the appointment of a receiver, and the court acted on such petition to the extent of issuing a temporary restraining order against relator which forbids him the immediate exercise of rights secured to him under the judgment of this court, there was then committed an act which invades the jurisdiction of this court in the orderly enforcement of such judgment, and, if such obstruction is unwarranted and illegal, then this court is not only empowered to issue its writ of prohibition, but it becomes its clear duty to do so.

If the rights asserted by respondents, as disclosed by their petition in the pending suit, and their petition in the suit on which this court pronounced its judgment, present the same cause of action, then the restraining order issued by the judge of the Forty-Fourth judicial district is an unlawful invasion of the jurisdiction of this court. On the other hand, if the allegations in the petition of the pending suit allege a cause of action materially and substantially different from the cause of action alleged in the former suit, then there has been no unlawful invasion of the jurisdiction of this court. To state the question in different language, if the allegations in the petition in the pending suit state a new cause of action, and thereby present new and different issues for determination, then respondents present a cause for judicial determination of the question as to whether

the judgment of this court is res judicata of the cause of action presented in the pending suit, after hearing the evidence on which the allegations are based.

█ Is the judgment of this court, as a matter of law, res judicata of the cause of action alleged in the petition in the pending suit? The judgment of this court affirmed the judgment of the trial court in sustaining a general demurrer to respondents' pleadings, and a dismissal of their suit, because of their refusal to amend such pleadings. The legal effect of such judgment is the same as that of a judgment in a trial of the same cause of action on its merits. It is well settled that a judgment rendered upon sustaining a general demurrer is just as conclusive of the facts confessed by the demurrer as a verdict finding the same facts would have been; and accordingly, in cases where the demurrer goes to the merits of the cause of action alleged, a judgment sustaining it is a bar to a subsequent suit on the same cause of action. In such a case, the petition of plaintiff presents the facts whose legal effect, as between the parties to the litigation, was adjudicated. In the instant case, therefore, we are relegated entirely to the pleadings of the cause of action in each suit to determine the inquiry.

█ Respondents are the plaintiffs in each suit, and relator is defendant, and in each suit the pleadings show that relator is asserting full ownership, under a record title in his name, to 132 acres of land, underlaid with gravel beds of great value. In each suit respondents allege that they are the equitable owners each of an undivided one-third interest in said tract of land, by virtue of an oral contract entered into in the year 1917 before the land was purchased and legal title to same taken in the name of relator; that relator paid the consideration for the purchase of the land with his own funds, as was contemplated by the oral agreement; that relator was not the sole owner of the land, but that he was to hold same, under the oral agreement, in trust for the joint use and benefit of all of the parties; that the reason for the purchase of the land was the fact that it was underlaid with extensive and very valuable gravel beds, and the purchase of the land was for the purpose of the three engaging in the joint enterprise of exploiting these gravel beds; that the consideration, under the oral agreement, to move from respondents to relator, in payment for respondents' interest in the land, is alleged, but the allegations in the two suits in this respect are materially different. This difference, however, is of such a nature as that respondents are not estopped, as a matter of law, by the allegations in the first suit to make the allegations in the second suit. Also, in the pending suit, the allegations are not such as could have been made in the first suit, because they allege rights that accrued after the filing and trial of the first suit.

The difference, in respect to the payment to relator of the consideration for the interest respondents claim in the land, is that in the first suit appellant alleged that the gravel beds were remote from transportation, and that respondents, who were alleged to be railroad men in good standing with the officials of the Texas & Pacific Railway Company, whose main line was the nearest railroad to these beds, were able to secure the construction by said railway company of a switch track adjacent to the gravel beds, and that they did secure the building of such switch track, and thereby furnished the gravel beds with ample transportation; that there was an additional consideration to consist of personal service to be performed by respondents in superintending the taking of the gravel from the land, and in finding a market for same; that they had been unable to perform any of the latter services because of the wrongful act of relator in repudiating the contract and denying their interest in the land, but that they were able, ready, and willing to perform such personal service during the time gravel could be taken in paying quantities from the land. It did not appear from the allegations in this suit that any part of the enterprise of exploiting the land for gravel had been performed to the extent of taking gravel from the land. Respondents' claim in this suit was that, because relator, by his repudiation of the contract, had rendered impossible for them to perform the personal service contemplated by the contract, their right to the alleged interest in the land had matured. To the petition alleging those facts the general demurrer was sustained and the judgment of dismissal entered by the trial court. This judgment was affirmed by this court, for the reasons stated in the opinion. Galbreath et al. v. Farrell, supra.

In the pending suit it is alleged that all of the personal service contemplated by the oral contract to be performed by respondents had been fully performed by them; that the contract had been fully executed and the joint enterprise ended, for the reason that one-half of said land had been sold by relator for a large sum of money to one Vilbig, and that the other one-half of the land relator had fraudulently, and in violation of the oral contract, caused to be partitioned to relator's wife in divorce proceedings, and that the oral contract thereby had become an executed contract, and the two-thirds equitable interest in the land had fully vested in them. Among other things, they prayed for a recovery from relator of two-thirds of the proceeds of the sale of the land made to Vilbig, and for the value of their interest in two-thirds of the land partitioned to the wife in the divorce suit.

It thus clearly appears, from the pleadings of respondents in the case on which the judgment of this court was pronounced, that re-

spondents prayed for a recovery of a two-thirds interest in the land in controversy on the basis of an unexecuted contract for personal service agreed to be performed. It also clearly appears, from respondents' pleadings in the case now pending in the Forty-Fourth judicial district, that they seek recovery of the same two-thirds interest in the land based on an executed contract, in which the personal service contemplated by the contract has been fully performed. To this latter suit the general demurrer urged and sustained in the first suit could not be sustained. It necessarily follows that, before a plea of res judicata, based on the judgment in the first suit, would be good, respondents must fail to produce evidence sustaining the facts alleged in their petition in the pending suit.

We are of the conclusion that respondents should have the right of a judicial determination, under the evidence they may bring before the court, of the issue as to whether their pending suit is barred under a plea of res judicata by the judgment of this court, and that the application for a writ of prohibition should be denied.

Application for writ of prohibition denied.