STATE ex rel. BOSTICK v. STARK et al. (No. 881.)

(Court of Civil Appeals of Texas. El Paso. May 3, 1918.)

PROHIBITION ☞9 — TO PREVENT TRIAL OF SUIT.

Prohibition will not issue to prevent a lower court from entertaining a suit to set aside, for fraud and perjury, a judgment recovered by relator, on the ground that the allegations in the petition in the suit to set aside do not state a cause of action; for such petition is subject to amendment, and to so summarily dispose of the cause of action would be to pass upon its merits without giving the party his day in the trial court.

Original application for writ of prohibition by the State, on the relation of F. O. Bostick, against T. O. Stark and others. Bill dismissed.

J. M. Caldwell, of Midland, for relator. N. R. Morgan, of Seminole, and G. E. Lockhart, of Tahoka, for respondents.

HARPER, C. J. Relator seeks to have a writ of prohibition issued to respondents, the county judge of Gaines county, Tex., N. R. Morgan, and G. E. Lockhart, attorneys, and Eubank, commanding them to desist from further interference with or hindrance to the enforcement of a judgment. Briefly stated, the case is simply this: Bostick recovered a judgment in the county court of Gaines county against Eubank in cause No. 42. After appeal and affirmance by this court, Eubank brought suit No. 58, in the nature of a bill in equity to set aside this judgment upon the ground of fraud and perjured testimony. A temporary writ of injunction was issued, and the latter cause is now pending for trial. The grounds alleged for the issuance of the writ are:

"That the bill [in cause No. 58] is without equity in this, that the same question raised by the bill in equity was raised in the original trial court, and in the Court of Civil Appeals when the case was heretofore brought to this court for consideration, and that there could exist in the same no issue which is untried, nor is it alleged anywhere in said petition and bill in equity that any other and further proof can be produced to controvert the evidence complained of than the evidence which was and has been heretofore produced upon the same issue in the former trial of this cause. * * * That therefore there is no equity in the bill, and it should have been dismissed upon demurrer and upon the plea of res adjudicata."

That the writ will issue in a proper case is settled. Cattlemen's Trusts v. Willis, 179 S. W. 1115; Hovey v. Shepherd, 105 Tex. 237, 147 S. W. 224. In those cases the respondents had brought the second suit upon the same cause of action after judgment in the first was res adjudicata, whilst in the instant case the execution of the judgment is sought to be prohibited by a bill in equity to set the judgment itself aside, reopen the case for a new trial upon allegations of fraud and perjury in securing such judgment. That suits in the nature of a bill in equity for fraud and perjury may be maintained is well settled. Bell v. Walnitzch, 39 Tex. 132; Avocata v. Dell' Ara, 84 S. W. 443; Hester v. Baskin, 184 S. W. 726.

This brings us to the question: Should the writ issue upon the showing—if we could properly so hold— that the allegations in the petition or bill made the basis for the action to set aside the judgment does not state a cause of action? Justice Neill in Avocata v. Dell' Ara, supra, announced the law applicable here:

"We have referred to the equitable principle of relief, * * * not for the purpose of showing that the petition in this case stated matters sufficient to entitle appellants to the relief sought, for the question of its sufficiency is not before us to pass on now, but to show that, even should it be conceded that the petition was bad, it would be subject to amendment."

Also note the holding in Hester v. Baskin, supra:

"If by fraud, or mistake, a party has been prevented from prosecuting his suit, or making his defense, he can bring an equitable action upon its merits after the close of the term, to reopen the case and dispose of it upon its merits. This action so brought has all the incidents of a trial, and cannot be disposed of in a summary way, as would a motion for a new trial."

If cause No. 58 were here upon appeal, and we should conclude that the petition stated no cause of action, we would not decide it upon the merits for that reason; but would reverse and remand that the parties might be given a chance to replead, unless they had been given the chance and refused. For to so summarily dispose of a cause of action would be to here pass upon its merits without giving the party his day in the trial court. So, in the instant case, to hold that respondent shall not prosecute his suit to judgment merely upon the ex parte application of the defendant relator, because, forsooth, the petition filed does not charge a cause of action, is to summarily dispose of the case before it is properly before us.

We therefore hold that the bill filed here by relator is insufficient to be the basis of the writ prayed for, therefore should be dismissed; and it is so ordered.

WALTHALL, J., did not sit, being absent on committee of judges, assisting the Supreme Court.

———

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes