W. D. PRINCE, RECEIVER OF LLOYDS OF TEXAS, V. E. J. MILLER, DISTRICT JUDGE, ET AL.

No. 6469. Decided March 14, 1934.
(69 S. W., 2d Series, 52.)

*McBride, O'Donnell & Hamilton,* and *James Ralph Wood,* all of Dallas, for relator.

*Critz & Woodward,* of Coleman, for respondents.

A writ of prohibition will not be granted where the complaining party has an adequate remedy by appeal or certiorari or by motion in the lower court. Ben. C. Jones & Co. v. Wheeler, District Judge, 121 Texas, 128, 45 S. W. (2d) 957; Ex parte United States, 263 U. S. 389, 44 Sup. Ct. 130, 68 L. Ed. 351;

Jacobson v. Superior Court, 192 Cal. 319, 219 Pac. 986, 29 A. L. R. 1399.

The writ of prohibition is not a writ of right and will only be granted within the discretion of the court when the party applying for the same is clearly entitled thereto and has not been guilty of lashes and is without any other remedy. City of Houston v. City of Palestine, 114 Texas, 306, 267 S. W., 663; Galloway v. LeCroy, 169 Ark., 838, 277 S. W., 35; 50 C. J., 655, 656, sec. 4.

The authority of the Supreme Court to issue a writ of prohibition is limited to the enforcement of its own jurisdiction or to the protection against invasion of that jurisdiction by other courts in respect to controversy already within the jurisdiction of the Supreme Court. Milam County Oil Mill Co. v. Bass, 106 Texas, 260, 163 S. W., 577; Hovey v. Shepherd, Dist. Judge, 105 Texas, 237, 147 S. W., 224; Cleveland v. Ward, 116 Texas, 1, 285 S. W., 1063; Love v. Wilcox, 119 Texas, 256, 28 S. W. (2d) 515.

*Phillips, Trammell, Chizum, Price & Estes,* of Fort Worth, filed brief as amicus curiae.

MR. JUDGE SHARP delivered the opinion of the Commission of Appeals, Section A.

The relator invokes the original jurisdiction of the Supreme Court to secure a writ of prohibition against Hon. E. J. Miller, Judge of the 35th Judicial District, and J. N. Arvin, prohibiting them from in any way enforcing or attempting to enforce by contempt proceedings, or otherwise, a writ of injunction issued against relator in Cause No. 5866, styled J. N. Arvin v. Lloyds of Texas et al., or from treating said order and writ of injunction as valid for any purpose and from taking any steps whatsoever in that cause other than to dismiss same from the docket and generally from the exercise of jurisdiction in said cause or the enforcing of any order, judgment or decree made therein.

The following controlling facts appear: On May 16, 1930, the Attorney General of Texas filed in the 44th District Court of Dallas County a petition for the appointment of a receiver to wind up the affairs of Lloyds of Texas under Article 5022, Revised Civil Statutes of 1925, as amended by the Acts of 1929, 41st Legislature, First Called Session, page 32, Chapter 11, Section 1. On the same day the district court entered an order appointing W. D. Prince, receiver, to take charge of the assets of Lloyds of Texas, to collect all past due debts owing to

Lloyds and to do and perform under the orders of the court such other and further acts as might be necessary. On May 19, 1930, Prince qualified as receiver by taking the oath and giving a bond as required by law and he entered upon his duties.

At that time there was in possession of the attorney in fact of Lloyds the following collaterals which had been delivered to the attorney in fact by J. N. Arvin, one of the respondents herein and the plaintiff in Cause No. 5866, pending in the District Court of Brown County. J. N. Arvin was one of the underwriters of Lloyds and was one of the defendants in Cause No. 86437-B, styled R. L. Bobbitt, Attorney General, v. Lloyds of Texas et al., pending in the 44th District Court of Dallas County. The collaterals so deposited by J. N. Arvin with the attorney in fact being twenty-five shares of the capital stock of Brownwood Building & Loan Association evidenced by Certificates 29, 105 and 116 and two promissory notes signed by J. N. Arvin in the sum of $3,000 each, payable to the order of Thomas Investment Company or their successors, as attorney in fact for Lloyds of Texas.

On May 26, 1930, the District Court of Dallas County for the 44th Judicial District entered an order directing the receiver to give notice to the underwriters, including J. N. Arvin, to pay within ten days the respective balances of their subscriptions; the order providing that if such subscriptions should not be paid within ten days that the receiver should make sale of such securities for the best price obtainable, either at private or public sale; that such notice was given by the receiver to certain underwriters of Lloyds, including J. N. Arvin.

On the 7th day of June, 1930, J. N. Arvin filed a petition in the District Court of Brown County, 35th Judicial District, said suit being No. 5866, and styled J. N. Arvin v. Lloyds of Texas. In this petition Arvin complained of various parties, including the receiver, and, among other things, alleged that he, Arvin, was the owner of the above listed collaterals and asked for cancellation of the notes and the return of the collaterals and securities to him on the ground that the same had been obtained from him by deceit and fraud, and he asked for an injunction restraining the defendant, W. D. Prince, as receiver, from selling, or causing to be sold, the securities, and from filing or prosecuting any suit or legal proceedings to enforce the two notes. Brown County was at that time the residence of J. N. Arvin, and he alleged that deceit and fraud were practiced on him in that county with reference to such securities. On the 7th day of June, 1930, Hon. E. J. Miller, Judge

of the 35th Judicial District, issued the writ of injunction as prayed for by Arvin.

Some time after the appointment of said receiver by the District Court of Dallas County wherein the underwriters of Lloyds appeared in that court and protested the appointment of such receiver which was overruled. An appeal was made to the Court of Civil Appeals at Dallas and the order of the District Court was affirmed and writ of error was granted by the Supreme Court, but on hearing the court held that it was without jurisdiction to entertain an appeal thereof, 55 S. W. (2d) 803.

It further appears that the temporary injunction granted by the District Judge of Brown County in this cause, of which the relator complains, was granted on June 7, 1930, and that the writ was served upon relator three years before the institution of this proceeding; and that no motion has ever been filed by the relator in the District Court of Brown County to vacate the same; that the Supreme Court has never had or exercised any jurisdiction in respect to any matters involved in the two cases described above.

It is contended by relator that when the application for the appointment of a receiver to take charge of the assets belonging to the Lloyds of Texas was filed in the District Court of Dallas County and such receiver was appointed and he qualified as such by taking the oath and making bond as required by law, that the District Court of Dallas County acquired exclusive jurisdiction of the case and that the District Court of Brown County did not have jurisdiction of the matters involved in Cause No. 5866 pending in that county and because of the rule announced in the case of Cleveland v. Ward, 116 Texas, 1, the injunction issued in that cause is void; that therefore the Supreme Court should issue its writ of prohibition against the trial court and Arvin as above stated.

The facts show that the suit filed in Dallas County was to appoint a received to take charge of the assets of Lloyds of Texas, among which were some notes signed by Arvin and some collaterals claimed by him. The receiver did not sue Arvin on his notes in Dallas County and Arvin claiming that the notes and collaterals were obtained by deceit and fraud, filed suit in Brown County for the return of the collaterals and the cancellation of the two notes. No contention is urged by Arvin that the appointment of the receiver by the District Court of Dallas County is not valid nor is his power to act as such receiver questioned, but he merely contends that by reason of

the facts he has a right to file suit in Brown County for the return of the collaterals and the cancellation of the notes.

■ ■ The statutes and decisions of this State authorize a suit against the receiver in his official capacity in any court having competent jurisdiction of the subject-matter. Such suit is subject to the venue statutes. The foregoing rule is subject to the limitation that the court, other than the one in which the receiver is appointed, may not make any order or take any action in such suit that will disturb the possession, control or management of the assets by the receiver. As we understand the record, the question of venue has not been raised in the suit filed in Brown County. Therefore, suit may be maintained by J. N. Arvin in the District Court of Brown County against the receiver for the return of the collaterals and the cancellation of the two notes held by him because of the alleged fraud and deceit in obtaining them by Lloyds and its agents in Brown County, and the trial court had the right to protect by proper process the subject-matter of the suit pending a final determination of the issues involved therein. Articles 2310 and 2311, Revised Civil Statutes, 1925; Kirby v. Dilworth & Marshall, 260 S. W., 152 (Texas Com. App.); Bowles v. Mitchell, 245 S. W., 74 (Texas Com, App.); Paine v. Carpenter, 51 Texas Civ. App., 191, 111 S. W., 430; Eaton v. Whisenant et al., 50 S. W. (2d) 1109 (Texas Civ. App.).

It will be noted that the case presented here is different from the case presented in Cleveland v. Ward, supra, in which case the Supreme Court granted a writ of prohibition on the ground that it had first acquired jurisdiction of the controversy on an application for mandamus to compel a district judge to try a lawsuit. In that case, the various courts had enjoined one another from proceeding to trial on the merits of the case and an application was presented to the Supreme Court asking for a mandamus to compel one of the courts to proceed to trial and at the same time issue a writ of prohibition or injunction against the other judges of the various courts from interfering with the trial. As going to show the condition existing in that case and the background for the exercise of the court in issuing the writ of mandamus, we quote as follows from the language of Chief Justice Cureton, who wrote the opinion in that case for the court:

"Certainly if there was ever a case which calls for action by this court, this is the case. The record presents an instance of judicial stalemate without parallel in the history of the jurisprudence of this State, and perhaps of any other State. The

two cases pending are between identically the same parties, except the Johnson County case has one additional, apparently necessary, defendant. They involve the same subject-matter, identically the same transactions, and the relief in one would be res adjudicata as to the relief prayed for in the other suit. The parties plaintiff in the Johnson County case cannot proceed in that case without violating an injunction issued by the District Court of Dallas County; the judge cannot proceed without violating a writ of prohibition issued by the Court of Civil Appeals at Dallas, nor refuse to proceed without violating a mandamus issued by the Court of Civil Appeals at Fort Worth. The Dallas County District Court cannot proceed to try that case, nor can the plaintiffs in the case proceed with it without violating an injunction of the District Court of Johnson County; and the Judge of the Dallas County District Court cannot proceed without violating a writ of prohibition issued by the Fort Worth Court of Civil Appeals, nor refuse to proceed without violating a mandamus issued by the Court of Civil Appeals at Dallas. It is impossible for either of the trial courts or any litigant to do anything in the causes pending in the respective trial courts without being in danger of contempt either of a trial court or a Court of Civil Appeals, or both. The relief which might be granted in any appeal of the defendants in the Dallas County case to the Court of Civil Appeals at Dallas, is wholly inadequate to grant any substantial relief to anyone, or untangle the instant judicial troubles."

In the course of the opinion it was further said:

"That this Court has power by mandamus to require a district judge or court to proceed to trial and judgment is settled by the Constitution, Statutes and decisions. Revised Statutes (1925) Art. 1734; Yett v. Cook, 115 Texas, 175, 268 S. W., 715; Aycock v. Clark, 94 Texas, 375, 60 S. W., 665; Burgemeister v. Anderson, 113 Texas, 495, 259 S. W., 1078.

"Having the power to issue the writ of mandamus directing Judge Ward to proceed to judgment, we necessarily have the correlative authority to make all other orders, including those for prohibition and injunction, to protect and make efficacious the exercise of that power by us. State Constitution, Art. 5, Sec. 3; Hovey v. Shepherd, 105 Texas, 237, 147 S. W., 224; City of Houston v. City of Palestine, 114 Texas, 306, 267 S. W., 663; Wells v. Littlefield, 62 Texas, 30, 31."

The record also discloses that the petition filed by Arvin in the District Court of Brown County in Cause No. 5866 presents a bona fide controversy of which that court has jurisdiction and venue involving a number of issuable facts and the

determination of certain principles of law applicable thereto. Also it is shown by the record that the writ of injunction issued by the District Court of Brown County was granted on June 7, 1930; that the writ was served upon the relator three years before the institution of this proceeding; and that no motion has ever been filed by the relator to vacate same and no excuse shown for such delay.

■ ■ We are not concerned here about the question of the power of the Supreme Court to issue a writ of prohibition in cases of active conflicting jurisdiction between district courts, where legal remedies are not effective. We have no such case here. The injunction issued by the District Court of Brown County could have been appealed from or motion to dissolve could have been made. If an error was made by the trial court the complaining party had a plain legal remedy by appeal. But neither remedy suggested was invoked. The injunction has stood unchallenged for several years. The remedies provided by law were therefore efficacious, and we see no reason why the original jurisdiction of this court should be invoked at this time. Even where the Supreme Court has the unquestioned power, the court does not grant extraordinary remedies where those provided by law are effective.

In the case of Love v. Wilcox, 119 Texas, 256, 28 S. W. (2d) 515, in discussing Section 3 of Article 5 of the Constitution with respect to the Supreme Court issuing a writ of mandamus, Mr. Justice Greenwood said:

"Ordinarily rights may be enforced in a mandamus proceeding by suit in the district court, appealed to the Court of Civil Appeals, and brought to the Supreme Court by writ of error. Where these ordinary remedies are complete and adequate, the extraordinary original jurisdiction of the Supreme Court or of the Court of Civil Appeals cannot be successfully invoked. Buvens v. Robison, Land Commissioner, 117 Texas, 541, 8 S. W. (2d) 664; R. R. Co. v. Pleasants, 116 Texas, 568, 296 S. W., 282; Queen v. Lambourn Valley R. Co., L. R. 22 Q. B. Div. 463; Ex Parte Riddle, 255 U. S. 450, 41 S. Ct. 370, 65 L. Ed. 725."

■ We have carefully considered the petition filed herein by relator invoking the original jurisdiction of the Supreme Court to issue a writ of prohibition and we conclude that it does not present sufficient facts to justify the Supreme Court to issue a writ of prohibition as prayed for.

We therefore recommend that relator's petition be refused.

The opinion of the Commission of Appeals is adopted, and the writ refused.

C. M. CURETON, Chief Justice.