W. L. McCurdy et al. v. J. H. Gage et al.

No. 6586. Decided March 14, 1934.
Motion for rehearing overruled October 24, 1934.
(69 S. W., 2d Series, 56.)

H. G. *Corbin*, of Gladewater, and *W. Edward Lee, Lee, Porter & Latham*, all of Longview, for plaintiffs in error.

The District Court of Gregg County having first acquired jurisdiction is entitled to proceed to judgment and settle all questions properly involved in the cause, and may exercise such jurisdiction to dispose of the whole matter of the litigation and adjust all equities between the parties in one proceeding, and the order appointing a receiver by the District Court of Dallas County in a case involving the same subject-matter filed several months later, is an unwarranted interference with the jurisdiction of a court of concurrent jurisdiction, does not draw from the District Court of Gregg County, its prior and dominant jurisdiction, and is void. Houston Oil Co. v. Village Mills Co., 109 Texas, 169, 202 S. W., 725; Cleveland v. Ward, 116 Texas, 1, 285 S. W., 1063; Richardson v. Kent, 21 S. W. (2d) 72; Way v. Coca Cola Bottling Co., 119 Texas, 419, 29 S. W. (2d) 1067; Haney v. Temple Trust Co., 55 S. W. (2d) 891.

*Graves & Long*, of Dallas, and *Black & Graves*, of Austin, for defendants in error.

The cross-action filed by the plaintiffs in error is wholly insufficient to entitle them to any character of equitable relief because it does not show by definite, clear averments of fact that the Dallas County case at the time it was filed constituted an invasion of the jurisdiction of the Gregg County Court. It is not made to appear that the two cases involve the same cause of action or subject-matter. Harding v. W. L. Pearson & Co., 48 S. W. (2d) 964; Mann v. Pace, 58 S. W. (2d) 1070; Perez v. Everett, 73 Texas, 431; Haskins v. Wallett, 63 Texas, 213.

MR. JUDGE SHARP delivered the opinion of Commission of Appeals, Section A.

This case presents a controversy between two district courts of this State. A suit was filed in the District Court of Gregg County by certain parties to cancel a certain mineral lease and

instruments executed thereunder. Later, a suit was also filed in the District Court of Dallas County by other parties to adjudicate certain mineral interests and a receiver was appointed, who, acting under the authority of the court, drilled and operated an oil well. Subsequent to the appointment of the receiver by the District Court of Dallas County, the pleadings in the District Court of Gregg County were amended and new parties brought in and that court also appointed a receiver to take over the property in possession and under the control and management of the receiver first appointed by the District Court of Dallas County, and in addition thereto, issued a writ of injunction forbidding any interference with the receiver appointed by the District Court of Gregg County.

In due time, J. H. Gage and a number of the defendants in the cross-action and the receiver appointed by the District Court of Dallas County filed their motion to vacate the orders appointing the receiver and granting the injunction, which was heard by the District Court of Gregg County and overruled. From this ruling, Gage and others prosecuted their appeal to the Court of Civil Appeals at Texarkana, and the Court of Civil Appeals held that the motion made to vacate the orders appointing the receiver and granting the injunction should have been granted and such orders dissolved. 60 S. W. (2d) 468.

A writ of error was granted in this case upon the proposition that the Court of Civil Appeals erred in holding that the District Court of Gregg County was without jurisdiction to issue the writs of injunction complained of, since the District Court of Dallas County had appointed a receiver in a proceeding filed therein subsequent to the filing of a suit including the same subject-matter in the District Court of Gregg County.

The following controlling facts appear: On November 24, 1931, T. L. Bray and wife filed suit in the District Court of Gregg County against W. L. McCurdy and others to cancel a certain mineral lease which had been executed by Bray and wife to certain of the defendants. The plaintiffs in that case alleged that the lease was placed in escrow and was never delivered and possession of the lease was obtained through fraudulent means. The lease covered about four acres of land in the town of Gladewater, in Gregg County. They also alleged that their property was being drained by drilling operations on adjacent premises and that, because of the recording of the lease, they were unable to enter into a contract with anyone else for the protection of their property, and for that reason they were damaged in the sum of $10,000. It was also alleged

that certain assignments of interests under said lease had been made to other persons who were joined as defendants. The prayer was to have the lease and all subsequent executed instruments growing out of the original lease cancelled because of the fraud committed on the plaintiffs and for recovery of the $10,000 in damages.

On April 1, 1932, Bray and wife filed their amended petition. It is practically the same as the original petition except that new defendants were joined and the instruments under which the new defendants claimed were described. This all grew out of the original lease sought to be cancelled. The prayer of the amended petition was substantially the same as that contained in the original petition.

On April 8*, 1932, T. J. Holcombe, who was not a party to the suit pending in the District Court of Gregg County, filed a suit in the District Court of Dallas County against J. H. Gage and many others who were not parties in the Gregg County suit, and also against many plaintiffs and defendants in the case pending in Gregg County. It was alleged that plaintiff and defendants in that cause were the owners of all the minerals, royalties, etc., under a certain 3.7 acre tract of land conveyed by T. L. Bray and wife by warranty deed to J. H. Gage. The interests of all the parties interested in the mineral rights were specifically alleged and it was sought to have an adjudication of such interests in the land and a distribution of the proceeds derived from the sale of the minerals produced from the premises. It was also alleged because of conflicting claims to the mineral lease on the land, the plaintiff and the other owners of an interest in the minerals were unable to secure development of the property and that the minerals were being drained by wells on adjacent tracts to the damage of those rightfully entitled thereto and would continue to be drained unless a receiver should be appointed to take charge and develop the land. The court appointed a receiver who was duly qualified and took possession of the property and, with authority of the court, caused a well to be drilled on the land and was running the oil therefrom until stopped by an order issued by the District Court of Gregg County. This record does not show that a plea in abatement setting up the pendency of the suit in Gregg County has been filed therein or that any steps have been taken

[*This date, which in the original opinion was erroneously stated, was, in an opinion filed on motion for rehearing, corrected to read "April 18," so that the facts stated would accurately state the facts as contained in the record, and, as corrected, opinion was adopted by the Supreme Court on October 24, 1934.--Reporter.]

by any of the parties in the District Court of Dallas County to have the order appointing the receiver vacated.

On April 15, 1932, the Independent Supply Company filed an answer in the cause pending in Gregg County and in addition to a general demurrer and general denial filed a cross-action therein for a foreclosure of a materialman's lien alleging that under a contract with George E. Bobb, he was in possession of the leasehold estate of the 4 acres of land and was entitled to a lien thereon by reason of having furnished certain material.

On December 17, 1932, W. L. McCurdy and several other defendants in the case pending in the District Court of Gregg County filed their amended answer and cross-action making the plaintiffs in the Gregg County suit and all of the parties to the suit in the Dallas County case, as well as the attorneys and the receiver appointed by the District Court of Dallas County, defendants in the cross-action filed in Gregg County. McCurdy and others alleged that on November 24, 1931, they were the owners of an oil and gas lease on the land involved and were in possession of the property, but on that date the defendants in the cross-action unlawfully entered upon and dispossessed them of such premises and the leasehold estate and withheld from them the possession thereof, to their damage in the sum of $5,000. They prayed for a judgment for title and possession and for a writ of restitution of the premises. It was further alleged in the cross-action that the District Court in Dallas County unlawfully appointed a receiver for the property and that such receiver is running the oil from the well on the land and appropriating the proceeds from the sale to his own use, etc. They prayed for the appointment of a receiver by the District Court of Gregg County to take charge of all property and for the issuance of an injunction against all parties involved in the suit pending in the District Court of Dallas County and the attorneys therein from prosecuting that suit, until the further orders of the District Court of Gregg County and also prayed that the receiver appointed by the District Court of Dallas County be enjoined from exercising any control whatever over the property and compelling him to turn over the property, books, receipts, etc., to the receiver to be appointed by the District Court in Gregg County. On this application the District Court of Gregg County, without notice to defendants in the cross-action, appointed the receiver and authorized him to take immediate possession of all the property, assets, books, contracts and documents of the receiver, relating to said property, and that he was authorized to operate said well, make contracts with reference thereto and collect the revenue derived there-

from, and in addition, granted the injunction prohibiting any-one from interfering with the receiver.

Plaintiffs in error contend that the suit filed in the District Court of Gregg County involved the same subject-matter embraced in the suit filed in the District Court of Dallas County, and since both courts were of coordinate jurisdiction, the dominant jurisdiction of the subject-matter was acquired by the District Court of Gregg County, to the exclusion of all other courts.

On the other hand, defendants in error contend:

(1) That the cross-action filed by plaintiffs in error is wholly insufficient to entitle them to any character of equitable relief, because it does not show by definite averments of fact that the Dallas County case, at the time it was filed, constituted an invasion of the jurisdiction of the Gregg County court. It is not made to appear that the two cases involve the same cause of action or subject-matter.

(2) There is no evidence to support the equitable relief awarded the plaintiffs in error in the District Court of Gregg County.

(3) Plaintiffs in error are estopped to question the jurisdiction of the District Court of Dallas County.

An analysis of the pleadings filed on November 24, 1931, by Bray and wife, in the District Court of Gregg County, shows that the plaintiffs sought to cancel a certain mineral lease executed by them and certain instruments executed by virtue thereof, on the ground that the lease was placed in escrow and was obtained by fraud. No plea for the appointment of a receiver was made in that case. Holcombe, Gage and many others were not parties to that suit and it was not sought in that suit to adjudicate their mineral interests in the land in controversy.

On April 8, 1932, Holcombe, who claims certain mineral rights under a warranty deed executed by Bray and wife to Gage, and not a party to the suit filed in the District Court of Gregg County, filed the action in the District Court of Dallas County against many persons not included in the Gregg County suit, to adjudicate their interests in the minerals in the 4 acres of land in controversy. He described in detail the interests owned by such persons and further alleged that the oil was being drained from under the land and by reason thereof they were greatly damaged and asked for a receiver to be appointed and that he be authorized to have a well drilled and operated. The court granted this application and the receiver, acting under the orders of the court, had a well drilled which was operated.

Thus, it appears that the suit filed by Bray and wife in Gregg County was to cancel the mineral lease and not to determine who owned the mineral estate. The suit in Dallas County was brought to determine the ownership of the minerals. A judgment in the Gregg County suit would not have determined who owned the mineral estate.

It is undisputed that the receiver appointed by the District Court of Dallas County, acting under the orders of the court, took possession, control and management of the 4 acres of land and drilled an oil well thereon and ran the oil therefrom and no plea in abatement was filed in that suit nor any steps taken to have the court vacate the orders made in that case. That more than 8 months after such receiver was appointed, who acting under the orders of the court made certain contracts, and drilled a producing and paying oil well, certain parties amended their pleadings in the District Court of Gregg County and filed a cross-action against the parties involved in the Dallas County suit. The cross-action, filed on December 17, 1932, does involve the same issues involved in the Dallas County case. There is no contention made that the District Court of Dallas County was not acting in good faith in taking jurisdiction of the matters involved in that suit and in appointing a receiver to take charge of the property and to conserve and develop it to the best interests of those owning and claiming the mineral estate.

■ The rule is well settled that where two actions involving the same subject-matter are brought in different courts having coordinate jurisdiction, the court which first acquires jurisdiction, its power being adequate to administer full justice to the rights of all concerned, should retain such jurisdiction, undisturbed by the interference of any other court, and dispose of the whole controversy. Cleveland v. Ward, 116 Texas, 1, 285 S. W., 1063; Texas Trunk Ry. Co. v. Lewis, 81 Texas, 8, 16 S. W., 648; 26 Amer St. Rep., 776; Way v. Coca Cola Bottling Co. ,119 Texas, 419, 29 S. W. (2d) 1067.

■ In this State, as well as in courts of other jurisdictions, both federal and state, we have courts of coordinate jurisdiction and it is highly important that the spirit of comity should at all times exist between such courts and a conflict of jurisdiction should be avoided. In order to maintain an orderly procedure and prevent unseemly conflicts between two courts when an action has been brought in one court and thereafter another action is filed in another court of coordinate jurisdiction, if it is thought that the two actions involve the same subject-matter, it is the duty of those engaged in the suit first filed to

deal frankly with the court in which the section action is filed and in good faith make a full disclosure to the court with respect to what are the facts and issues involved in the case first filed in the other court. This is especially true with respect to receiverships. This was not done. If the two cases involve the same subject-matter when a plea in abatement is properly and seasonably filed in the case last filed, the latter court should sustain such plea. If the plea in abatement is not filed, it may be considered waived. Cleveland v. Ward, supra, and the authorities therein collated. Chief Justice Cureton, speaking for the court in the case of Cleveland v. Ward, held:

"What has been said is not in conflict with the doctrine of various cases that the pendency of a suit in another jurisdiction must be seasonably plead in abatement; that the plea may be waived, and that final judgment by default, or in the absence of pleading and proof of the pendency of a prior suit will be sustained. See the cases of Cook v. Burnley, 2 Wallace, 11 (U. S.) 659; Cook v. Burnley, 45 Texas, 97; Blassingame v. Cattlemen's Trust Co., 174 S. W., 900; Cattlemen's Trust Co. v. Blassingame, 184 S. W., 574; McCoy v. Bankers Trust Co., 200 S. W., 1138; see, also, 1 Ruling Case Law. pp. 19, 20."

■ The rule is well settled that when a court of competent jurisdiction has, by appropriate proceedings, appointed a receiver to take charge of the property involved, then no other court of coordinate jurisdiction has power or authority to render any judgment which invades or disturbs the possession of the property while in the custody of the court which has taken it in possession. The court appointing the receiver is left undisturbed to administer same. Harrison v. Waterbury, 27 S. W., 109; Dillingham v. Russell, 73 Texas, 47, 11 S. W., 139, 3 L. R. A., 634, 15 Am. St. Rep., 753; Ellis v. Vernon Water Co., 86 Texas, 111, 23 S. W., 858; 23 R. C. L., pp. 66 and 67 and authorities collated; Wabash R. R. Co. v. Adelbert College, 208 U. S., 38, 28 S. Ct., 182, 52 U. S. Law Ed., 379. The case of Harkin v. Brundage, 276 U. S., 37, 72 Law Ed., 457, involved a controversy between state court receivers and the receiver of a federal court over the possession of certain property. In that case the question was raised that one of the receivers had been irregularly appointed subsequent to the appointment of the first receiver, and Chief Justice Taft, speaking for the court, said:

"* * * When a receiver has been thus irregularly appointed on such a bill without objection, and the administration has proceeded to such a point that it would be detrimental to all

concerned to discharge the receiver, the receivership has been permitted to continue because not reasonably objected to (Pussey & J. Co. v. Hanssen, 261 U. S., 491, 497, 500, 67 L. Ed., 763, 771, 773, 43 Sup. Ct. Rep., 454; Re Metropolitan R. Receivership (Re Reisenberg) 208 U. S., 90, 109, 111, 52 L. Ed., 403, 412, 413, 28 Sup. Ct. Rep., 219; United States v. Butterworth Judson Corp., 269 U. S., 504, 513, 70 L. Ed., 380, 384, 46 Sup. Ct. Rep., 179)."

■ However, subject to the venue statutes, the statutes and decisions of this State authorize a suit against the receiver in his official capacity in any court having competent jurisdiction of the subject-matter. This rule is subject to the limitation that the court, other than the one in which the receiver is appointed, may not make any order or take any action in such suit that will disturb the possession, control and management of the assets of the receiver. Arts. 2310 and 2311, Rev. Civ. Stats., 1925; Kirby v. Dilworth & Marshall, 260 S. W., 152 (Tex. Com. App.); Bowles v. Mitchell, 245 S. W., 74 (Tex. Com. App.); Paine v. Carpenter, 51 Texas Civ. App., 191, 111 S. W., 430; Eaton v. Whisenant et al., 50 S. W. (2d) 1109 (Tex. Civ. App.).

■■ If the two cases in controversy involve the same subject-matter, that fact should have been pleaded fully in the Dallas County suit and the issue tested out in that court. The judgment of that court upon this question will be respected until vacated or set aside by proper procedure, where an effective legal remedy is available. Prince v. Miller (Com. App.), 123 Texas, 118, 69 S. W. (2d) 52. The court first acquiring jurisdiction of a cause of action should be liberal in permitting pleadings to be amended and amplified, new parties to be made, in order to determine all essential questions involved in the suit. But if the two cases are not the same, involve separate and distinct controversies, as reflected by the pleadings filed in the two courts at the time the suit was filed in Dallas County, the jurisdiction of the District Court of Dallas County could not be taken away by subsequently filing in the District Court of Gregg County new pleadings raising a different cause of action from that contained in the pleadings filed prior to the filing of the suit in the District Court of Dallas County. Under the well settled principles of law, the District Court of Gregg County, under the state of this record, did not have the power to appoint a receiver to take possession and control of the property already in the hands of the receiver first appointed and issue the writ of injunction, as was done.

568

For the reasons herein stated, we therefore recommend that the judgment of the Court of Civil Appeals dissolving the orders of the District Court of Gregg County appointing a receiver and issuing the writ of injunction, be affirmed.

Opinion adopted by the Supreme Court, October 24, 1934.

