**BRIDGES et al. v. CONSOLIDATED STEEL CORPORATION, Limited.**

No. 4377.

Court of Civil Appeals of Texas. Beaumont.

June 6, 1946.

Rehearing Denied Sept. 18, 1946.

O'Fill & O'Fill, of Beaumont, for appellants.

Strong & Moore, of Beaumont, for appellee.

MURRAY, Justice.

This is an appeal from an order of the district court of Orange county, sustaining the plea in abatement of the appellee, Consolidated Steel Corporation, Ltd., to the petition and suit of Leonard Bridges et al., appellants.

The appellants were the minor surviving children of Ethel Bridges, deceased, and the suit was brought by their father, Clifton C. Bridges, as their guardian, for the wrongful death of the children's mother. The plea in abatement, which was sustained, alleged that a suit was already pending in the district court of Angelina county in behalf of the same children against the same defendant corporation for the wrongful death of their mother. On the hearing upon said plea, it was shown by the testimony that such a suit in Angelina County was then pending and was brought by one R. W. Parker, claiming to be the guardian of such children. It also was shown, by certified copies of orders from the courts entering them, that R. W. Parker was first appointed temporary guardian of the estates of the minor children by the county court of Orange county; that subsequently an order was entered by the county court of Jefferson county, reciting that Parker had transferred said guardianship to Jefferson county and that the appointment of Parker as guardian was set aside, and that

**553**

Bridges was appointed guardian by the county court of Jefferson county.

The appellant says the order of the district court of Orange county sustaining the plea in abatement was error because: (1) The appointment of Parker as guardian was void, and he had no authority to institute the pending suit in the district court of Angelina county; (2) Parker was removed as guardian and thereafter had no authority to maintain the suit in Angelina county; (3) Bridges was the guardian of the minor children and the county court of Jefferson county authorized and instructed him to institute the suit in the district court of Orange county; (4) the suit in Angelina county was inadequate and defective in that Bridges, the father and guardian of the minors, was not made a party to such suit; and (5) Bridges, as guardian, by the institution of the suit in Orange county, had elected to discontinue the Angelina county suit. All of the points of appellants are presented and discussed together in their brief, and they will so be considered here.

The general rule in Texas, while in confusion in some of the earlier decisions, is now recognized to be that the pendency of a former action in a court of competent jurisdiction in this state between the same parties, involving the same subject matter and cause of action, may be asserted as a ground for abatement of a second action. 1 C.J.S., Abatement and Revival, § 17, p. 51; 1 Am.Jur. 27; Benson v. Fulmore, Tex.Com.App., 269 S.W. 71; Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063; McCurdy v. Gage, 123 Tex. 558, 69 S.W.2d 56; 1 Tex.Jur. 93, 94. In the instant case, it is apparent that the real plaintiffs to both the suits in the district courts of Orange and Angelina counties are the minor children named. The defendant is the same corporation and the cause of action is the same cause of action in both suits. We believe, therefore, that the plea in abatement was properly sustained. We believe that the court in which the cause of action was first instituted, the district court of Angelina county, is the proper forum in which to decide all the controversies sought by appellants to be

adjudicated in this proceeding. It first having obtained jurisdiction of the cause of action and the parties, it is the court to determine the authority of either Parker or Clifton C. Bridges to maintain the suit, the sufficiency of the pleadings, and any defect of parties. We do not pass upon the validity of the appointment of either Parker or Bridges as guardian on this appeal.

The judgment of the trial court is affirmed.