**CLARK v. EWING, District Judge, et al.**
**No. 5739.**

Court of Civil Appeals of Texas.   Amarillo.
July 20, 1946.

Boyer & McConnell, of Perryton, for relator.

Sanders, Scott, Saunders & Smith, of Amarillo, R. T. Correll, of Perryton, and Hoover, Hoover & Cussen, of Canadian, for respondents.

STOKES, Justice.

This is an original proceeding instituted in this Court by an application for a writ of prohibition filed by the relator, Earl Clark, in which he seeks a writ of prohibition against the respondents, Honorable W. R. Ewing, Judge of the District Court of the 31st Judicial District, and Ed Puls and his wife, Cynthia M. Puls, restraining and prohibiting Puls and his wife from further prosecuting cause number 932 filed by them

in the District Court of Lipscomb County and prohibiting the District Judge from entertaining further proceedings therein.

The grounds alleged in the application are that on July 8, 1942, the City of Booker filed in the District Court of Lipscomb County a suit against Ed Puls for delinquent taxes and to foreclose its tax lien; that it made Lipscomb County and other taxing units parties to the suit and that final judgment was entered therein on the the 30th of March, 1943; that in the tax suit judgment was rendered against respondent, Ed Puls, for the sum of $3541.23, being the aggregate of delinquent taxes then owing by him to the City of Booker and the other taxing units, and the respective tax liens were foreclosed. It is alleged further that respondent, Puls, did not appear in the tax suit; that after the judgment was rendered the Clerk of the District Court issued an order of sale under which the sheriff advertised and sold outlots one, two, eight, and nine of the City of Booker and they were purchased by relator at the sheriff's sale upon his bid of $3600; that the amount of his bid was paid to the sheriff, and a deed conveying the property to him was executed and delivered by the sheriff and immediately placed of record in the deed records of Lipscomb County. Relator further alleges that on the 16th of March, 1945, the respondent, Cynthia M. Puls, joined by her husband Ed Puls, instituted a suit in the District Court of Lipscomb County in cause number 916 in which they alleged that outlots one, two, eight, and nine constituted their homestead and that Cynthia M. Puls was not a party to the tax suit number 864; that the judgment entered in the tax suit included taxes on personal property and poll taxes which were not charges against their homestead; that the judgment in the tax suit, the order of sale, the sale, and the sheriff's deed were therefore void and they prayed that the sale and sheriff's deed be canceled and held for naught; that the cloud upon the title of the homestead property be removed and that they recover the same. Relator further alleges that a trial of cause number 916 resulted in a judgment in favor of the respondents, Cynthia M. Puls and her husband, but that relator perfected an appeal therefrom to this Court where, in cause number 5699 reported in 192 S.W.2d 905, the judgment of the trial court was reversed and judgment rendered in favor of the relator. He alleges further that in due time the respondents, Cynthia M. Puls and her husband, filed in the Supreme Court an application for a writ of error which was refused and on the 18th of June, 1946, the mandate issued from this Court commanding the District Court of Lipscomb County to observe the order and judgment of this Court and have the same duly executed; that thereafter a writ of possession was issued on the tax judgment and placed in the hands of the Sheriff of Lipscomb County in which he was commanded to seize outlots one, two, eight, and nine of the City of Booker and place relator in possession thereof; that on the 20th of June, 1946, before the writ of possession was executed, the respondents, Ed Puls and wife, presented to the respondent, Honorable W. R. Ewing, a verified petition for an injunction in which they sought to restrain the sheriff from executing the same; that a restraining order was immediately issued by the District Judge and the cause set for hearing at Pampa in Gray County on the 21st of June, 1946, respondents being required to execute and file a bond in the sum of $500. He alleges that the last suit filed by respondents, Puls and his wife, is in the nature of an attack upon the final judgment in the tax suit number 864 and has for its purpose the setting aside of the judgment as well as the sheriff's sale and deed conveying the property to relator in defiance of the final judgment of this Court and an attempt to again litigate the issues which have already been litigated and determined against them by its final judgment.

In their return the respondents allege that the collateral attack made by Cynthia M. Puls and her husband in cause number 916 in the District Court of Lipscomb County upon the judgment in the tax suit number 864 was not conclusive of the cause of action filed by them in which the temporary restraining order was issued and the hearing upon the application for a temporary injunction was set for a later date, be-

cause the collateral attack in that cause was in fact no remedy to which they were entitled and was a misconception of the legal remedy that was available to them. They contend therefore that they are not precluded from seeking in a subsequent suit the relief to which they are legally entitled. They contend further that the attack made by them in cause number 916, being a collateral attack upon the former judgment in the tax suit, is not conclusive of the suit they now seek to prosecute wherein they are making a direct attack upon the sheriff's sale because under the law a collateral attack upon a judgment as being a nullity is not conclusive of a direct attack upon an irregular sheriff's sale. Further than these allegations or cross-assignments the respondents do not controvert the allegations of the relator.

■■■ In the case of Clark v. Puls, 192 S.W.2d 905, this Court held that inasmuch as the suit constituted an attack upon the order of sale, the sheriff's sale thereunder and his deed conveying the property to the relator, the allegations therein to the effect that the judgment was void because it included taxes upon personal property and poll taxes which did not constitute a lien upon the homestead property, constituted a collateral attack upon the judgment and that the judgment was not subject to such an attack. It was held further that the judgment was a valid and binding judgment and that, through the sheriff's sale and deed, the relator had procured title to the property. The petition upon which the restraining order here complained of was granted contains a number of allegations that were included in that case and others that were not included therein. It appears from respondents' brief that they have prepared and intend to file a first amended original petition a copy of which is attached to the brief. The amended pleading sets up some grounds of relief which are not included in the original petition for injunction and some that were included in their petition in the former cause number 916. Since this pleading does not appear to have been filed in the Court below, and may never be, we do not deem it a proper

subject for consideration at this time and we are not prepared to say that the respondents, Puls and wife, have not or cannot make a case that would be cognizable and of which the trial court would or would not have jurisdiction, in so far as the property is concerned, which could or could not be defended by pleading the judgment of this Court as res judicata. If a case should be presented in the trial court in which that issue was made, we cannot assume that that court would not dispose of it in the proper manner. The power of this Court to issue a writ of prohibition is limited in its purpose to the protection of its jurisdiction and the due enforcement of its judgments and decrees. Farrell v. Young, District Judge, Tex.Civ.App., 23 S.W.2d 468; Hovey v. Shepherd, 105 Tex. 237, 147 S.W. 224; Jackson v. Birk, Tex.Civ.App., 88 S.W.2d 632; Prince v. Miller, 123 Tex. 118, 69 S.W.2d 52; State ex rel. Bostick v. Stark et al., Tex.Civ.App., 203 S.W. 371.

■■■ Neither the writ of prohibition nor any other extraordinary writ will be granted where there is an adequate remedy provided by law, such as an appeal or writ of error. Where these ordinary remedies are complete and adequate, it is consistently held that the extraordinary jurisdiction of an appellate court cannot be invoked. Buvens v. Robison, Land Commissioner, 117 Tex. 541, 8 S.W.2d 664; Prince v. Miller, 123 Tex. 118, 69 S.W.2d 52, and cases therein cited.

■■■ It is well settled that under our Constitution and statutes the power of a court to enforce its jurisdiction does not include authority to prevent the prosecution of any suit to which a judgment of the court may be an effectual bar. If such a suit makes no attempt to disturb its jurisdiction or to interfere with the exercise of rights secured by a final judgment entered by the court whose powers are invoked, such a suit does not conflict with the exercise of the power which constitutes jurisdiction in the court and therefore does not violate its jurisdiction. In the case of Milam County Oil Mill Co. v. Bass, 106 Tex. 260, 163 S.W. 577, 579,

Justice Phillips discussed that question and, speaking for the Supreme Court, said:

"The assumption of such right would invest a court not merely with the control of its own judgments and authority to enforce its jurisdiction, but with a further power to govern other courts in the exercise of their lawful jurisdiction; and the result would be that the issue of the conclusiveness of a judgment upon what is urged as a distinct cause of action could never be determined except by the court that rendered it. The proper test of the question therefore is, not whether the suit recognizes or repudiates the effect of the judgment, since that does not necessarily involve the jurisdiction of the court, but whether it amounts to an interference with its due enforcement and therefore invades a jurisdiction it is forbidden to trench upon."

█ It is entirely possible, of course, that the repeated filing of law suits upon the same cause of action can proceed to the extent that they interfere with the jurisdiction of an appellate court and with the execution of its judgment, and in such case a writ of prohibition will issue, but it is issued upon the ground provided by the Constitution and statutes pertaining to enforcement of jurisdiction and not upon the ground that res judicata constitutes a defense to the suits filed after the first one has been finally determined. Hovey v. Shepherd, 105 Tex. 237, 147 S.W. 224; Cattlemens Trust Co. v. Willis, District Judge, et al, Tex.Civ.App., 179 S.W. 1115.

█ In view of what we have said and the authorities above cited we conclude that, under the conditions here presented, this Court is not authorized to grant the writ of prohibition applied for upon the ground that the cause filed in the court below sets up the same cause of action as that which has been finally litigated and determined by the judgment of this Court.

When it comes to a consideration of the act of the respondents, Puls and wife, in presenting to the court below a petition for an injunction, and the court's favorable action thereon by granting a temporary restraining order against the sheriff and the relator, enjoining and restraining the immediate exercise of the rights secured to the relator under the judgment of this Court in the case of Clark v. Puls, supra, quite a different matter is presented. By presenting the petition to the District Judge and his granting a temporary restraining order against the exercise of those rights by the relator, and setting the case for a hearing upon the application for a temporary injunction, the jurisdiction of this Court was invaded and the proper enforcement of its judgment was prevented. Under such conditions this Court is not only empowered by the Constitution and statutes of this State to issue a writ of prohibition but it clearly becomes its duty to do so. Farrell v. Young, supra; Browning-Ferris Machinery Co. v. Thomson, Tex.Civ.App., 55 S.W.2d 168. The office of the writ of prohibition is to restrain the interference with a judgment of the appellate court as well as to prevent a court from proceeding in a case where it has no jurisdiction. While the writ cannot be extended to all of the relief prayed for by the relator, it may be limited to so much thereof as is proper under the record as presented. The relief against the restraining order and other injunctions or proceedings designed to restrict or in any manner interfere with the execution of the judgment of this Court in the former litigation will therefore be granted.

In accordance with what has been said, the Clerk of this Court is directed to issue a writ of prohibition directed to the respondents, Ed Puls and his wife, Cynthia M. Puls, and to Honorable W. R. Ewing, Judge of the District Court of the 31st Judicial District, directing the District Judge to vacate the restraining order issued in cause 932 on the docket of the District Court of Lipscomb County and restraining him and his successors in office, or any other judge presiding over said court, from entering any other or further order in the cause or otherwise which would interfere with the proper execution of the judgment of this Court in cause number 5699 on the docket of this Court, entitled Clark v. Puls, mandate in which has been duly issued and filed in the District Court. The writ will restrain the other respondents from instituting any

other suit for injunction or other process challenging the right of the relator to proper judicial process for the enforcement of said judgment.

The entire costs of this proceeding will be adjudged against the respondents, Ed Puls and his wife Cynthia M. Puls. Since the District Judge acted in a judicial capacity, no costs will be adjudged against him.