Mrs. F. Hastings PANNILL, Relator,

v.

The Honorable Virgil E. MULANAX, District Judge, et al., Respondents.

No. 8533.

Court of Civil Appeals of Texas, Texarkana.

Sept. 29, 1978.

Rehearing Denied Oct. 24, 1978.

---

F. Hastings Pannill, Sr., Huntsville, for relator.

Jeffrey H. Hubbard, Houston, for respondents.

RAY, Justice.

This is an original proceeding in this Court in the nature of a petition for writ of mandamus and writ of prohibition. Mrs. F. Hastings Pannill, relator, obtained a temporary writ of prohibition in this Court on July 15, 1977, in which it was ordered that the District Judge, Virgil E. Mulanax, and the other respondents be prohibited from taking any further action in "issuing or serving or having served on relator any notices of intention to take depositions, any demands or notices for production of documents, any other pre-trial discovery proceedings, or any notices, subpoenas or demands of any kind in connection with the prosecution of said Cause No. 147–76 pend-

ing in the District Court of Marion County, Texas," styled Fort Bend Chapter, *The National Society, Daughters of the American Revolution, Et Al v. Mrs. Hastings Pannill, Mrs. Jesse M. DeWare, III, Et Al, and the Attorney General for the State of Texas* (the second suit). There are several related cases in which this Court has delivered opinions. A trespass to try title suit (the first case) was also filed by various Texas chapters of the National Society of the Daughters of the American Revolution against Mrs. Pannill as State Regent and The Texas Society, Daughters of the American Revolution, Inc. and others to cancel a deed for the sale of the Freeman Plantation (the headquarters of The Texas Society, Daughters of the American Revolution, Inc.) to Mrs. Jesse M. DeWare, III and her two children. Mrs. Pannill filed her plea of privilege to have the suit as it related to her individually, transferred to Midland County. The trial court overruled the plea of privilege, but this Court, in an unpublished opinion,[1] reversed the trial court and ordered the suit as it related to Mrs. Pannill individually, transferred to Midland County primarily because no cause of action was asserted against Mrs. Pannill in her individual capacity. The trial court then granted a summary judgment in favor of Mrs. Pannill as State Regent and The Texas Society, Daughters of the American Revolution, Inc. and the DeWares which had the effect of confirming the sale of the Freeman Plantation to the DeWares. This Court in (the first case) *Governing Board v. Pannill,* 561 S.W.2d 517 (Tex.Civ.App. Texarkana 1977, writ filed), reversed the trial court's judgment granting the summary judgment and ordered a trial upon the merits. In the meantime, a second suit was filed in the District Court of Marion County by member chapters of The Texas Society, Daughters of the American Revolution, Inc. seeking to set aside the sale of the Freeman Plantation and seeking an injunction against the officers and former officers of The Texas Society, Daughters of the American Revolution,

---

1. The opinion which was originally ordered not to be published in 1976 is this day being ordered published.

Inc. from incurring debts and from disposing of the assets of the Society other than in the ordinary course of business. It was alleged that the officers and former officers were using the assets of the corporation to pay legal fees to defend themselves in their acts of having sold the Freeman Plantation. The trial court granted the injunction. We have this day affirmed the action of the trial court, stating in substance, that the officers and former officers are enjoined from making unauthorized expenditures of corporate funds for their defense.

In the first suit, *Governing Board v. Pannill,* supra, this Court concluded that Mrs. Pannill should be retained as a party defendant in her capacity as a former State Regent of The Texas Society, Daughters of the American Revolution, Inc. because an action may be asserted by the corporation acting directly or through members in a representative suit against incumbent or former officers or directors of the corporation pursuant to Article 1396–2.03(B)(1) and (2), Tex.Rev.Civ.Stat.Ann., Texas Non-Profit Corporation Act. From the pleadings in the second suit, it appears that complaint has been made against Mrs. Pannill in her capacity as a former State Regent for having made an unauthorized sale of the Freeman Plantation, although such is not totally clear. It was the contention of Mrs. Pannill at the hearing on the application for the temporary writ of prohibition, that since this Court had ordered the action against her individually in the first suit transferred to Midland, that she was entitled to the same relief in the second suit and that the trial court should grant her plea of privilege in the second suit and transfer the cause of action against her either to Midland County or to Harris County, the county in which she alleges she presently resides. See 1 McDonald's, Texas Civil Practice, Sec. 4.03.-3, pp. 415–420. No action had been taken by the trial court in the second suit on Mrs. Pannill's plea of privilege prior to the time we granted the temporary writ of prohibition. It first appeared to this Court that the trial court might be interfering with the jurisdiction of this Court since we had stated that all actions against Mrs. Pannill

individually should be transferred to the county of her residence. However, upon deeper study and reflection, we have concluded that the evidence has not been sufficiently developed for us to make a determination of whether or not the trial court will interfere with the jurisdiction of this Court and we will therefore dissolve the temporary writ of prohibition and refuse to grant the permanent writ of prohibition at this time so that the trial court may proceed to hear the plea of privilege filed by Mrs. Pannill in the second suit.

In *Smith v. Grievance Committee, State Bar of Texas for District 14–A,* 475 S.W.2d 396, 399 (Tex.Civ.App. Corpus Christi 1972, no writ), the court stated:

"The writ of prohibition as used in Texas has three principal functions: (1) Preventing interference with the higher courts in deciding a pending appeal; (2) preventing an inferior court from entertaining suits which will relitigate controversies which have already been settled by the issuing courts; and (3) prohibiting a trial court's action when it affirmatively appears that the court lacks jurisdiction. . . ."

▮ A writ of prohibition will not be entertained where there is an adequate remedy at law by appeal. *Prince v. Miller,* 123 Tex. 118, 69 S.W.2d 52 (1934). The writ of prohibition, like the writ of mandamus, is not a writ of right, but it is one of discretion, to be granted or denied according to the circumstances of each case. *City of Houston v. City of Palestine,* 114 Tex. 306, 267 S.W. 663, 664 (1924).

▮ It appears that justice will best be served by having the trial court hear the plea of privilege so that the facts can be developed concerning what action is asserted against Mrs. Pannill. The trial court can then rule on the plea of privilege and if Mrs. Pannill is dissatisfied with the trial court's ruling, she may have her remedy at law by appeal. *Prince v. Miller,* supra.

Relator Pannill's petition for a permanent writ of prohibition is denied. The temporary writ of prohibition is dissolved and

relator's petition for writ of mandamus is denied at this time in order to give the trial court an opportunity to proceed as promptly as practical to hear and determine relator's plea of privilege.

CORNELIUS, C. J., not participating.