NO.
12-06-00433-CR

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

§          

 

IN RE: MICHAEL KENNEDY,      §          ORIGINAL
PROCEEDING

RELATOR

§          

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION

            Michael
Kennedy seeks a writ of prohibition requiring the trial court to dismiss trial
court cause number CCL-06-W-006 or to show cause why the State is holding
Kennedy without evidence that he is guilty of forgery.[1]  We deny the writ.  

            A writ of
prohibition is proper to restrain enforcement of a future act and not to undo
an act already performed.  State ex
rel. Bryan v. McDonald, 662 S.W.2d 5, 9 (Tex. Crim. App. 1983).  The writ is issued by a superior court to
control, limit, or prevent action in a court of inferior jurisdiction.  Holloway v. Fifth Court of Appeals,
787 S.W.2d 680, 682 (Tex. 1989).  The
writ is typically used to protect the subject matter of an appeal or to
prohibit an unlawful interference with the enforcement of a superior court’s
orders and judgments.  Id. at
683.  A writ of prohibition may
also be used to set aside an improper order of the trial court or to restrain a
trial court where its action would violate a statute.  See Ex parte Gray, 649
S.W.2d 640, 642 (Tex. Crim. App. 1983); State v. Baize, 981
S.W.2d 204, 206 n.3 (Tex. Crim. App. 1998). 
As with other extraordinary writs, the relator must establish that it
has no adequate remedy at law.  In
re Castle Tex. Prod. Ltd. P’ship, 157 S.W.3d 524, 527-28 (Tex. App.–Tyler
2005, orig. proceeding).  

            Here,
Kennedy, in substance, seeks a determination from this court that the evidence
against him in the underlying proceeding is insufficient to establish his guilt
beyond a reasonable doubt.  Such a
determination would be a decision on the merits of the case.  However, we cannot address the merits of the
case because it is not before us on appeal. 
See State v. Stark, 203 S.W. 371, 371 (Tex. Civ. App.–El
Paso 1918, no writ).  Accordingly, the
petition for writ of prohibition is denied.

 

                                                                                                     JAMES T. WORTHEN    

                                                                                                                 Chief Justice

 

 

Opinion delivered January 24,
2007.

Panel consisted of Worthen, C.J., Griffith, J., and
Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)











[1] The
respondent is the Honorable B. Jeffrey Doran, Judge of the County Court at Law,
Anderson County, Texas.  The State of
Texas is the real party in interest.