NO.
12-07-00021-CR

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

 

§          

 

IN RE: MICHAEL KENNEDY,      §          ORIGINAL
PROCEEDING

RELATOR

§          

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION

            Michael
Kennedy seeks a writ of mandamus requiring the trial court to set an examining
trial, reduce the amount of his bond to $500, or show cause why Kennedy is
being held in the Anderson County Jail.  

            To obtain
mandamus in a criminal matter, the relator must establish that the act sought
to be compelled is ministerial rather than discretionary in nature and there is
no adequate remedy at law.  Dickens
v. Second Court of Appeals, 727 S.W.2d 542, 548 (Tex. Crim. App.
1987).  After these prerequisites are
met, we have jurisdiction to direct the trial court to consider and rule on
pending matters, but we may not tell the trial court what ruling it should
make.  In re Hearn, 137
S.W.3d 681, 685 (Tex. App.–San Antonio 2004, orig. proceeding).

            Kennedy
previously complained by petition for writ of mandamus that the trial court had
not ruled on his motion for examining trial, his application for writ of habeas
corpus for bond reduction, or his motion to dismiss the criminal charges
against him.  We denied relief  because the record did not show that Kennedy
had called these documents to the trial court’s attention or requested hearings
on them to determine their merit.  In
re Kennedy, No. 12-06-00433-CR, 2007 WL _______ (Tex. App.–Tyler Jan.
24, 2007, orig. proceeding).  In this
proceeding, Kennedy asks that we issue mandamus requiring a particular ruling
on his motion for an examining trial and his application for writ of habeas
corpus for bond reduction.  We  cannot tell the trial court what ruling it
should make on these matters.  See In
re Hearn, 137 S.W.3d at 685. 
Moreover, the purpose of mandamus is to compel a ministerial act where
there is no adequate remedy at law.  Dickens,
727 S.W.2d at 548.  Mandamus jurisdiction
does not include the authority to issue a show cause order under the facts
presented here.  Further, by seeking a
show cause order, Kennedy attempts to secure a ruling from this court on his
motion to dismiss the criminal charges against him.  Such a ruling would be a decision on the
merits of the case.  We cannot address
the merits of the case because it is not before us on appeal.  See State v. Stark, 203 S.W.
371, 371 (Tex. Civ. App.–El Paso 1918, no writ).

            The petition
of writ of mandamus is denied.

 

                                                                                                     SAM GRIFFITH    

                                                                                                              Justice

 

 

 

Opinion delivered January 24,
2007.

Panel consisted of Worthen, C.J., Griffith, J., and
Hoyle, J.

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)